IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BETTE MADDEN** | * | **CIVIL ACTION NO. 09-01975** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **J.P. MORGAN CHASE BANK, N.A.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by defendant J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"). Doc. # 11. For reasons set forth below, it is recommended that the motion be **DENIED** in part, and **GRANTED** in part.

### BACKGROUND

Plaintiff Bette Madden ("Madden") filed her original complaint in Louisiana state court. Madden, a former employee of J.P. Morgan, alleged that J.P. Morgan discriminated against her on the basis of her age and disability in violation of the Louisiana Employment Discrimination Act ("LEDA"), LA. REV. STAT. ANN. § 23:301 . Doc. # 1, Ex. 2 at ¶ 8. Madden also alleged that J.P. Morgan terminated her in retaliation for an internal complaint that she filed which contended that her supervisors had discriminated against her on the basis of her age and disability. *Id*. On November 25, 2009, J.P. Morgan removed the case to federal court on the basis of diversity jurisdiction.

On January 4, 2010, J.P. Morgan filed the instant motion. Doc. # 11. J.P. Morgan contended that Madden's age and disability discrimination claims as well as her retaliation claims should be dismissed for failing to state a claim upon which relief can be granted. *Id.* at 4-

6. J.P. Morgan also contended that all of Madden's claims should be dismissed because she failed to comply with the written notice requirement of LA. REV. STAT. ANN. 23:303(c). *Id.* at 7-8. Finally, Morgan argued that Madden's claims for punitive damages under Louisiana law should be dismissed because the LEDA does not authorize punitive damages. *Id.* at 8-9.

On February 11, 2010, Madden filed an amended complaint.[1] Doc. # 19. Aside from being significantly more detailed than the original complaint, the amended complaint added both discrimination and retaliation claims under the Americans with Disabilities Act ("ADA") as well as the Age Discrimination in Employment Act ("ADEA"). *Id.* at ¶¶ 13, 22, 26.

## LAW AND ANALYSIS

**I. Failure to State a Claim**

    **A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002). To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512. However, "while a

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Smith v. Principi*, No. 08-31179, 2009 U.S. App. LEXIS 17576, at *5 (5th Cir. Aug. 6, 2009). Madden's amended complaint does not refer to the original complaint. Accordingly, the court will evaluate J.P. Morgan's motion to dismiss in light of Madden's amended complaint.

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

### B. Plaintiff's Disability Discrimination Claims

In her amended complaint, Madden alleges that J.P. Morgan discriminated against her on the basis of her disability in violation of the ADA and the statute in the LEDA which governs disability discrimination, LA. REV. STAT. § 23:323. Since the Louisiana statute is based on the ADA, "the result of this Court's analysis under either statute must, necessarily, be the same." *Mincey v. Dow Chem. Co.*, 217, F. Supp. 2d 737, 742 (M.D. La. 2002); *Crocker v. City of Kenner*, 2002 U.S. Dist. LEXIS 17928, at * 14-15 (E.D. La. Sept. 23. 2002) ("Because Louisiana's anti-discrimination laws are similar in scope to the federal prohibitions against disability discrimination, state and federal courts in Louisiana routinely look to the federal courts' interpretations of the ADA . . . for persuasive guidance in analyzing state law discrimination claims."). Accordingly, this court's disposition of Madden's ADA claim will also dispose of her state law disability discrimination claim. *See Crocker*, U.S. Dist. LEXIS 17928, at *15.

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual

with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The statute defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(2). Finally, a "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8).

In order to demonstrate a prima facie case of employment discrimination under the ADA, a plaintiff must prove that (1) he has a "disability"; (2) he is "qualified" for the job; and (3) an adverse employment decision was made solely because of his disability. *Turco v. Hoechst Celanese Corporation*, 101 F.3d 1090, 1092 (5th Cir. 2008). However, while these elements may inform this court's analysis, a plaintiff need only allege sufficient facts that, if true, would establish a claim for disability discrimination in order to withstand a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 511.

In her amended complaint, Madden alleges that she suffers from chronic obstructive pulmonary disease and diverticulitis, which substantially limit the major life activity of "working." Doc. # 19 at ¶¶ 10, 13, 16. Madden also alleges that she was perceived as being disabled by her supervisors at J.P. Morgan. *Id.* at ¶ 13. She asserts that she is a qualified individual because she can, with reasonable accommodation, perform the essential functions of her job. *Id.* Furthermore, she contends that J.P. Morgan rendered adverse employment decisions

4

against her on the basis of her disability. She specifically alleges that upon her return from a medical leave of absence, her supervisors transferred her to "a more stressful position requiring her to perform the job of two employees," subjected her "to job duties that violated medical restrictions including but not limited to lifting no more than 2-3 lbs. and no work weeks in excess of 40 hours," and also "intentionally increas[ed] her stress by demanding that all work assignments be completed ASAP." *Id.* at ¶ 15.

The section of Madden's complaint which sets forth her disability discrimination claims could certainly be more precise. However, it alleges sufficient facts that "plausibly give[s] rise to an entitlement of relief" under the ADA, and thus the analogous Louisiana statute. *See Twombly*, 550 U.S. at 570.

### C. Plaintiff's Age Discrimination Claims

Madden also alleges that J.P. Morgan discriminated against her on the basis of her age in violation of both the ADEA and the statute in the LEDA which governs age discrimination, LA. REV. STAT. ANN. 23:312. Like the relationship between the ADA and the Louisiana disability discrimination statute, the ADEA served as the basis for the state's age discrimination statute. *Baroni v. Bellsouth Telecommunications, Inc.*, 2004 U.S. Dist. LEXIS 14403, at * 34 (E.D. La. July 27, 2004). Accordingly, this court's disposition of Madden's ADEA claims will control the court's disposition of her age discrimination claims under Louisiana law. *Id.*

There are four elements of a prima facie case of employment discrimination under the ADEA. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 654 (5th Cir. 1996). "The plaintiff must prove that: (1) he was discharged; (2) he was qualified for his position; (3) he was within the protected class; and (4) he was replaced by someone outside the protected class, someone younger, or was

otherwise discharged because of his age." *Id.*  As with the ADA, a plaintiff need not establish a prima facie case of employment discrimination under the ADEA to survive a motion to dismiss, but the elements of the prima facie case may inform this court's analysis.  *See Swierkiewicz*, 534 U.S. at 511.

In the section of her amended complaint entitled "Age Discrimination," Madden, who is 63, alleges that she belongs to the class of protected employees under the ADEA and LA. REV. STAT. ANN. 23:312.  Doc. # 19 at ¶ 22.  Madden further alleges that when she returned to J.P. Morgan on May 5, 2008 after taking a medical leave of absence, she endured "months of multiple attempts" by her supervisor, Levi Reyes ("Reyes") "to force [her] to either quit; accept a reduction in position and salary; or accept a transfer out of his department." *Id.* at ¶ 20.  Then, on August 13, 2008, Reyes told Madden that she should accept a transfer to a lower paying job with less responsibility because, in Reyes' own words, "even I have a hard time keeping up and I am just in my late 20's." *Id.* at ¶ 20.  Madden contends that this was "the second time Reyes referred to [her] as being too old to perform her job duties." *Id.*  On August 31, 2008, Madden filed a formal written complaint against Reyes with Human Resources at J.P. Morgan. *Id.* at ¶ 21.  Then, on September 25, 2009, Madden was called into the office of Reyes' supervisor, "and told that on September 10, 2009, Reyes found evidence while investigating [Madden's] performance that she had 'violated' company policy . . . ." *Id.*  Madden was terminated "immediately" thereafter. *Id.*

Under this sequence of events, Reyes pressured Madden for months either to resign or to accept a lesser position, Reyes then made disparaging comments to Madden about her age; Madden subsequently filed a written complaint with Human Resources regarding these

6

comments, and then, one month later, Madden was terminated. These factual allegations logically set forth a claim that Madden was terminated in retaliation for the formal complaint that she filed with Human Resources. However, in light of Madden's contention that Reyes made disparaging comments to her about her age, the factual allegations also give rise to a claim that Madden was terminated because of her age.

Whether the plaintiff may ultimately be able to prove a discrimination claim is not the subject of a motion to dismiss, in which the court's only concern is whether the plaintiff has given the defendant fair notice of "what the plaintiff's claim is and the grounds upon which it rests." See *Swierkiewicz*, 534 U.S. at 511. Although Madden's age discrimination claims could certainly be stated more clearly, she has nevertheless pleaded sufficient factual allegations to put J.P. Morgan on fair notice of her claims under the ADEA and thus LA. REV. STAT. ANN. 23:312.

### D. Plaintiff's Retaliation Claims

Madden's amended complaint includes allegations that J.P. Morgan violated the retaliation provisions in the ADA as well as the ADEA and its analogous Louisiana statute, LA. REV. STAT. ANN. § 23: 312(D).

The ADA provides that "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. § 12203. The ADEA similarly provides that, "It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623. The analogous Louisiana statute, LA. REV. STAT. ANN. § 23: 312(D), contains identical language to the ADEA.

In the section of her amended complaint entitled "Retaliation/ Reprisal," Madden alleges that she was immediately terminated after she informed J.P. Morgan that she had filed a complaint with the Louisiana Department of Labor ("LDL") documenting the disability and age discrimination that she had experienced at J.P. Morgan. Doc. # 19 at ¶ 27. The complaint Madden filed with LDL clearly qualifies as participation in a proceeding under the ADA as well as the ADEA and its analogous Louisiana statute. *Corneveaux v. CUNA Mutual Insurance Group*, 76 F.3d 1498, 1507 (10th Cir. 1996). Accordingly, Madden has pled sufficient factual allegations to state retaliation claims under the ADA, the ADEA, and LA. REV. STAT. ANN. § 23: 312(D).[2]

### E. Notice Requirement

J.P. Morgan contends that Madden's employment discrimination claims under Louisiana law warrant dismissal because Madden failed to comply with the LA. REV. STAT. ANN. § 23:303(C), which provides that an employment discrimination plaintiff must give the employer written notice of the alleged discrimination thirty days prior to initiating court action.

In her amended complaint, Madden alleges that on August 31, 2008, she filed an internal complaint with Human Resources at J.P. Morgan documenting the disability and age

---

[2] Madden's amended complaint added a reprisal claim under LA. REV. STAT. ANN. § 23:967. Doc. # 19 at ¶ 27. Accordingly, J.P. Morgan's motion to dismiss, which was filed before the amended complaint, did not seek to dismiss Madden's reprisal claim. However, in light of the similarity between a reprisal claim and a retaliation claim, the undersigned observes that Madden's amended complaint most likely includes sufficient factual allegations to state a reprisal claim.

discrimination she had experienced. Doc. # 19 at ¶ 9. Madden also alleges that she did not file a charge of discrimination with LDL until October 15, 2008.

Assuming Madden's allegations to be true, her employment discrimination claims under Louisiana law would not be barred by the notice requirement set forth in LA. REV. STAT. ANN. § 23:303(C). Accordingly, dismissal of Madden's state law claims is not warranted on this basis.

### F. Punitive Damages

J.P. Morgan seeks dismissal of Madden's claims for exemplary damages under Louisiana law on the basis that the LEDA does not provide for exemplary damages.

Exemplary damages are not allowable under Louisiana law unless expressly provided for by statute. *Albert v. Farm Bureau Insurance Company*, 940 So. 2d 620, 622 (La. 2006). The LEDA only provides for "compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs." LA. REV. STAT. ANN. § 23:303(A). Accordingly, dismissal of Madden's claims for exemplary damages under Louisiana law is warranted.

## CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss filed by defendant J.P. Morgan (Doc. # 11) be **DENIED** in so far as it seeks dismissal of plaintiff Madden's discrimination and retaliation claims for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that defendant's motion to dismiss be **DENIED** in so far as it seeks dismissal of plaintiffs claims for failure to satisfy the notice requirements of LA. REV. STAT. ANN. § 23:303(C).

**IT IS FURTHER RECOMMENDED** that defendant's motion to dismiss be **GRANTED** in so far as it seeks dismissal of plaintiff's claims for exemplary damages under Louisiana law.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of February, 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE