RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 4/19/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BETTE J. MADDEN | CIVIL NO. 09-1975 |
| VERSUS | JUDGE ROBERT G. JAMES |
| J P MORGAN CHASE & CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is Defendant J.P. Morgan Chase Bank, N.A.'s ("J.P. Morgan") Motion to Dismiss [Doc. No. 11] Bette J. Madden's ("Madden") state law claims of age and disability discrimination and retaliation. J.P. Morgan also moves to dismiss Madden's state law claims for punitive damages.

On January 26, 2010, Madden filed a Response, stating that she would amend her petition, which would resolve issues raised in J.P. Morgan's Motion. [Doc. No. 16]. On February 11, 2010, Madden filed an Amended Complaint, adding federal claims for age and disability discrimination and retaliation, eliminating her state law claim for disability retaliation, and providing more detailed allegations than were in her original petition. [Doc. No. 19].

On February 23, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 22], recommending that the Motion to Dismiss be granted in part and denied in part. Magistrate Judge Hayes recommended that the Motion be denied as to Madden's

federal and state law age and disability discrimination and retaliation claims[1], but granted as to Madden's state law claims for punitive damages.

On March 9, 2010, J.P. Morgan filed an Objection [Doc. No. 24] to the Report and Recommendation. J.P. Morgan contends that the Magistrate Judge erred in concluding that Madden complied with the notice requirement of LA. REV. STAT. § 23:303(C), that she failed to meet this requirement, and, therefore, that her state age and disability discrimination claims should be dismissed. J.P. Morgan also contends that the Magistrate Judge did not explicitly address whether a state law claim for disability retaliation is cognizable. [Doc. No. 24, n.3].

Having reviewed the record in this matter, the Court ADOPTS the Report and Recommendation with four exceptions. First, footnote one of the Report and Recommendation states:

> An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *Smith v. Principi*, No. 08-31179, 2009 U.S. App. LEXIS 17576, at *5 (5th Cir. Aug. 6, 2009). Madden's amended complaint does not refer to the original complaint. Accordingly, the court will evaluate J.P. Morgan's motion to dismiss in light of Madden's amended complaint.

[Doc. No. 22, n.1]. An inspection of Madden's Amended Complaint reveals that it specifically refers to and adopts a portion of Madden's original petition. [Doc. No. 19, ¶1] ("Plaintiff amends her Original Petition incorporating paragraphs 1 through 8 as set forth therein and amends the remainder of the Original Petition as follows . . . ."). Therefore, the Court finds that Madden's Amended Complaint does not supersede her original petition in its entirety. The Magistrate Judge's finding on this issue did not materially affect her analysis, so the Court's finding on this issue is of

---

[1]The Magistrate Judge analyzed Madden's Amended Complaint as though J.P. Morgan sought dismissal of Madden's state claims and newly added federal claims.

no legal consequence for purposes of this memorandum ruling.

Second, page eight of the Report and Recommendation states:

> J.P. Morgan contends that Madden's employment discrimination claims under Louisiana law warrant dismissal because Madden failed to comply with the LA. REV. STAT. ANN. § 23:303(C), which provides that an employment discrimination plaintiff must give the employer written notice of the alleged discrimination thirty days prior to initiating court action.
>
> In her amended complaint, Madden alleges that on August 31, 2008, she filed an internal complaint with Human Resources at J.P. Morgan documenting the disability and age discrimination she had experienced. Doc. # 19 at ¶ 9. Madden also alleges that she did not file a charge of discrimination with [Louisiana Department of Labor] until October 15, 2008.
>
> Assuming Madden's allegations to be true, her employment discrimination claims under Louisiana law would not be barred by the notice requirement set forth in LA. REV. STAT. ANN. § 23:303(C). Accordingly, dismissal of Madden's state law claims is not warranted on this basis.

[Doc. No. 22, P. 8-9].

J.P. Morgan argues that Madden did not sufficiently allege in her Amended Complaint that she complied with the notice provisions of LA. REV. STAT. § 23:303(C). However, Madden alleges that, on August 31, 2008, she filed an internal complaint with J.P. Morgan that satisfied § 23:303(C).[2] The Court, therefore, agrees with the Magistrate Judge that Madden's Amended Complaint sufficiently alleges that her internal complaint complied with the notice provisions of § 23:303(C).

However, J.P. Morgan also argues that the content of the internal complaint did not satisfy

---

[2]Madden's Amended Complaint states, "the August 31, 2008 internal, formal written complaint filed by [Madden] with [J.P. Morgan], satisfies the notice requirement of La. R.S. 23:303(C)." [Doc. No. 19, ¶ 9].

3

§ 23:303(C).³ Specifically, J.P. Morgan argues that Madden's internal complaint did not state that she intended to sue.

Louisiana Revised Statutes § 23:303(C) states:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

The statute is ambiguous. "This fact" could refer to a plaintiff's belief that he or she has been discriminated against, a plaintiff's intent to pursue court action, or notice to the person who discriminated of his or her discrimination. The Court finds that the most logical understanding of the statute is that it requires a plaintiff to give notice of the fact the plaintiff believes he or she has been discriminated against, then detail that discrimination. Madden's internal complaint certainly satisfied these requirements. It is almost three pages long, and, with great detail, describes how Madden believes she was discriminated against by J.P. Morgan based on her age and disability.

Cases from other districts appear to hold that § 23:303(C) requires a plaintiff to give notice of the fact that he or she intends to sue. *See e.g. Plaisance v. Airgas-Gulf States, Inc.*, 07-8440, 2008 WL 1730535, at *3-4 (E.D. La. Apr. 10, 2008); *Smith v. Diamond Offshore Mgmt. Co.*, 03-2024, 2003 WL 23095586, at *3-4 (E.D. La. Dec. 23, 2003); *Dunn v. Nextel So. Corp.*, 207 F.Supp.2d 523, 524 (M.D. La. 2002). However, those cases are not directly on point, are not precedential, and fail

---

³When considering a motion to dismiss, courts generally are constrained to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). As here, however, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations and internal quotation omitted).

to analyze the literal terms of § 23:303(C). The Court, therefore, declines to rely on these cases and finds that the content of Madden's internal complaint satisfies § 23:303(C).

Third, page seven of the Report and Recommendation states:

> Madden's amended complaint includes allegations that J.P. Morgan violated the retaliation provisions in the ADA as well as the ADEA and its analogous Louisiana statute, LA. REV. STAT. ANN. § 23:312(D).
>
> . . . .
>
> In the section of her amended complaint entitled "Retaliation/ Reprisal," Madden alleges that she was immediately terminated after she informed J.P. Morgan that she had filed a complaint with the Louisiana Department of Labor ("LDL") documenting the disability and age discrimination that she had experienced at J.P. Morgan. Doc. # 19 at ¶ 27. The complaint Madden filed with LDL clearly qualifies as participation in a proceeding under the ADA as well as the ADEA and its analogous Louisiana statute. *Corneveaux v. CUNA Mutual Insurance Group*, 76 F.3d 1498, 1507 (10th Cir. 1996). Accordingly, Madden has pled sufficient factual allegations to state retaliation claims under the ADA, the ADEA, and LA. REV. STAT. ANN. § 23:312(D).

[Doc. No. 22, p.7] (footnote omitted).

J.P. Morgan argues that the Magistrate Judge did not explicitly address whether a state law claim for disability retaliation is cognizable.

Some Louisiana discrimination statutes provide a cause of action for retaliation. *See* LA. REV. STAT. § 23:312(D) (age); LA. REV. STAT. § 23:352(D) (sickle cell trait). However, "[p]arallel anti-retaliation provisions do not appear in the [statutes] addressing disability [LA. REV. STAT. § 23:321-325]; race, color, religion, sex, and national origin [LA. REV. STAT. § 23:331-334]; or pregnancy, childbirth, and related medical conditions [LA. REV. STAT. § 23:331-334]." *Barringer v. Robertson*, 2007-0802, 2008 WL 4763539, at *8-9 (La. App. 1 Cir. 10/31/08). It appears to the Court that the Magistrate Judge did not explicitly address J.P. Morgan's argument on this issue because Madden eliminated her state disability retaliation claim in her Amended Complaint.

Nevertheless, to be clear, the Court finds that a state law claim for disability retaliation is not cognizable. *See id*; LA. REV. STAT. § 23:323. Because Madden has eliminated her state law claim for disability retaliation, the Court will not enter judgment as to that claim.

Fourth, the Report and Recommendation analyzes J.P. Morgan's Motion to Dismiss as though it seeks to dismiss Madden's federal and state law claims. However, at the time the Motion was filed, Madden alleged only state law claims. Thereafter, Madden amended her original petition, and, among other things, added federal age and disability discrimination and retaliation claims. The parties were not given an opportunity to fully brief whether Madden's federal claims should be dismissed. Therefore, the Court DECLINES TO ADOPT those portions of the Report and Recommendation that analyze Madden's federal claims.

Accordingly, J.P. Morgan's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED IN PART to the extent that Madden's state law claims for punitive damages are DISMISSED WITH PREJUDICE. The Motion is DENIED IN PART to the extent that J.P. Morgan seeks dismissal of Madden's state law claims for age and disability discrimination and age retaliation.

MONROE, LOUISIANA, this 19 day of April, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE